UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

KIRK SMITH,

          Plaintiff,

   -v-

CITY OF NEW YORK et al.,

          Defendants.

------------------------------------------------------------x

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____                │
│ DATE FILED: 0 5 AUG 2011             │
└─────────────────────────────────────┘
```

No.  11 Civ. 418 (LTS)(JLC)

## ORDER

Plaintiff Kirk Smith ("Plaintiff") brings this action alleging civil rights violations arising from the alleged improper gang-related housing classification to which Plaintiff was assigned upon his intake by the New York City Department of Corrections.  Remaining Defendant the City of New York ("Defendant") moves to dismiss the Complaint asserting, inter alia, that Plaintiff made false statements in his December 3, 2010, in forma pauperis application ("IFP application").  The motion to dismiss is unopposed, and Plaintiff has made no other submissions in support of his Complaint or with regard to his IFP application in particular.

Plaintiff declared under penalty of perjury in his IFP application that he did not have any money, including any money in a checking or savings account.  (See docket entry no. 1 at 2.)  Also in his IFP application, Plaintiff responded, "N/A," to the question, "Have you received, within the past twelve months, any money from any source?"  (Id. at 1.)  However, Plaintiff's Inmate Transaction List reveals that $832.20 was deposited into his account between July 11, 2010, and December 3, 2010.  (Decl. of Lloyd Perell in Supp. of Def.'s Mot. to Dismiss

Copies mailed/faxed to _Mr Smith_
Chambers of Judge Swain   _5-5-11_

Ex. A.)

Under 28 U.S.C. § 1915, "the court shall dismiss the case at any time if the court determines . . . that . . . the allegation of poverty is untrue." 28 U.S.C.A. § 1915(e)(2)(A) (West 2006).  However, "[d]ismissal of a case with prejudice . . . is a harsh sanction which should be resorted to only in extreme cases."  Acevedo v. Reid, 653 F. Supp. 347, 348 (S.D.N.Y. 1986); but see Vann v. New York City Comm'r of Corr., 10 Civ. 4601 (WHP) (S.D.N.Y. Apr. 5, 2011) (granting motion to dismiss where prisoner failed to disclose $2,059.10 in deposits into his inmate account during the twelve-month period preceding his sworn application to proceed IFP); Pitt v. New York City Dep't of Corr. Medical Unit, 10 Civ. 2400 (VM) (S.D.N.Y. May 31, 2011) (granting motion to dismiss where prisoner failed to disclose $745.00 in deposits received during the twelve-month period preceding his sworn application to proceed IFP).  Even after finding bad faith or intentional misrepresentations in an application to proceed in forma pauperis, the court "remains free to decide whether, on consideration of all circumstances, dismissal with prejudice is the appropriate sanction."  Acevedo, 653 F. Supp. at 348.  Here, because Plaintiff offers no explanation for omitting the $832.20 from his application, this Court finds that the omission was intentional, though not necessarily the product of bad faith, and, further, that the allegation of poverty is untrue.  Plaintiff's claim is dismissed without prejudice to refiling within 60 days from the date of this order, provided that Plaintiff offers an adequate explanation for the omission and misrepresentation on his IFP application.  The Clerk of the Court is respectfully requested to enter judgment accordingly and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and accordingly, any application to proceed on appeal in

forma pauperis is denied.  See Coppedge v. United States, 369 U.S. 438, 444 (1962).


SO ORDERED.


Dated: New York, New York
       August 5, 2011

_____
LAURA TAYLOR SWAIN
United States District Judge